

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00220-CR

MICHAEL VAN MADISON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Delta County, Texas
Trial Court No. 7964

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Michael Van Madison pled guilty to aggravated assault with a deadly weapon. Pursuant to a plea agreement with the State, which the trial court accepted, the trial court sentenced Madison to twelve years' imprisonment, along with a fine and court costs. Despite the trial court's certification that this was a plea-agreement case and that Madison had no right of appeal, Madison timely filed a notice of appeal. Because we find that we are without jurisdiction over this cause due to Madison's plea bargain with the State, we will dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2) . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A) those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B) after getting the trial court's permission to appeal, or
> >
> > (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court (1) that this specific appeal is expressly authorized by statute, (2) that Madison filed a motion that was ruled on before trial, or (3) that Madison obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Madison's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is

2

required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On November 8, 2023, we informed Madison of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. On November 17, 2023, Madison filed a response conceding that he had waived his right of appeal and that this Court did not have jurisdiction.

Because Madison has no right of appeal due to his plea bargain with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:     November 28, 2023
Date Decided:       November 29, 2023

Do Not Publish

3